United States District Court
Southern District of Texas

**ENTERED**

July 28, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Noel Ramon, | § | |
|     Petitioner | § | |
| | § | |
| v. | § | Civil Action H-21-2254 |
| | § | |
| Bobby Lumpkin, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

# Report and Recommendation

On July 6, 2021, Noel Ramon filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (D.E. 1.) The court recommends that the petition be dismissed without prejudice.

Ramon is serving a life sentence for aggravated sexual assault in Kendall County, Texas. Ramon does not challenge that conviction here. Instead, Ramon appears to challenge either a prison disciplinary conviction or his housing classification.[1] (D.E. 1-1.) Ramon does appear to seek relief in the form of a time credit on his sentence. (D.E. 1 at 1.) (marking that the application concerns "time credit").

Because Texas has two or more federal judicial districts, jurisdiction is proper in both the district that sentenced Ramon and the district that currently houses him. 28 U.S.C. § 2241(d); *see also Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000). Ramon is serving a prison sentence that was imposed as the result of a conviction entered against him in Kendall County, which is in the

---

[1] Ramon offers several records of the Texas Department of Criminal Justice pertaining to both his housing assignment and disciplinary convictions entered against him while in the Eastham Unit. Ramon does not offer a particularized claim for relief in his petition, and the records submitted do not clarify the subject of his petition.

Western District of Texas, San Antonio Division. *See* 28 U.S.C. § 124(d)(4). Ramon is presently confined at the Eastham Unit, which is in Houston County. Houston County is in the Eastern District of Texas, Lufkin Division. *See* 28 U.S.C. § 124(c)(6). Because neither the place of Ramon's underlying state-court conviction nor his place of incarceration is located within the Southern District of Texas, this Court lacks jurisdiction over the pending habeas corpus petition. *See Wadsworth*, 235 F.3d at 961–62.

The district court for the district where an application for habeas corpus relief has been filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination. *See* 28 U.S.C. § 2241(d). The court recommends that the petition not be transferred and that it be dismissed without prejudice.

In Texas, only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release. *See Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). Thus, a Texas prisoner can demonstrate a constitutional violation in the prison disciplinary context only if he initially satisfies the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi*, 211 F.3d at 957–58 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Ramon was convicted of aggravated sexual assault, which is an offense that does not allow him to be released on mandatory supervised release. *See* Tex. Gov't Code Ann. § 508.149(a)(6) (2001) (excluding prisoners convicted of aggravated sexual assault from eligibility for mandatory supervision). This is fatal to any claim Ramon could bring regarding the loss of good-time credits based on any disciplinary conviction. Moreover, a claim based on any reduction in classification status, which is "merely [a] change[] in the conditions

of [Ramon's] confinement," does not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Similarly, a reduction in Ramon's custodial classification and status and the potential impact on good-time credit earning ability are also too attenuated to be protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958–59; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Finally, Ramon has not indicated that he exhausted his administrative remedies prior to filing his petition for a writ of habeas corpus. Under these circumstances, a transfer is not in the interest of justice.

The court recommends that Ramon's petition for writ of habeas corpus be dismissed without prejudice for lack of jurisdiction and that a certificate of appealability not be issued.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on July 28, 2021.

_____
Peter Bray
United States Magistrate Judge